■ In the Matter of PARKMED ASSOCIATES et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained the imposition of an unincorporated business tax assessment against petitioners pursuant to Tax Law article 23.

After the Court of Appeals reversed our judgment confirming respondent's determination that sustained an assessment under the unincorporated business tax (60 NY2d 935, revg 94 AD2d 341), we remitted the matter to respondent for the "determination of the single issue of whether petitioners were, during the years in question, engaged in the practice of medicine" (101 AD2d 632). Respondent then held further proceedings and, by a split decision dated March 15, 1985, determined that petitioners were not engaged in the practice of medicine and, thus, were subject to the tax as assessed. Petitioners challenge this determination and claim that they were engaged in the practice of medicine and, thus, subject to the professional exemption from the unincorporated business tax provided by Tax Law § 703 (c).

Although we find most objectionable the overly commercialized and profit-oriented manner in which petitioners conduct their business, we are compelled to conclude that respondent's determination must be annulled. Respondent found as fact, and the record fully supports the finding, that petitioners "owned and operated an abortion clinic in New York City" By owning and operating such a clinic, petitioners unquestionably were providing medical services, which makes the conclusion that petitioners were, during the years at issue, engaged in the practice of medicine undeniable. Respondent's determination to the contrary is, thus, unsupported by substantial evidence and arbitrary and capricious.

Determination annulled, and petition granted, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.